FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 MAR 16 PM 4:19

CLERK L. Fa[signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JEFFERSON BURGESS, : | |
|     Plaintiff, : | |
| vs. : | CIVIL ACTION NO.: CV206-001 |
| Dr. CYNTHIA R. WARE-BURGESS; : BARBARA FORD; AMY ROBERTS; : CHARLES LEE; JACQUELINE MARTIN : a/k/a JACQUELINE MILLER; PHILIP : J. LYONS, Senior U.S.P.O.; DAVID M. : PAGA, U.S.P.O.; J. BARRY : BARGAINNIER, Supervising U.S.P.O.; : Officer MIKE DEL LAQUE; Officer : BROWN; JELL KOSBAR, Revocational : Examiner; HOLLE WEISS-FRIEDMAN, : Attorney; GRAYSON P. LANE, Attorney; : MARK WENDELL; JOE HAMIL, : ex-Magistrate; T. GROH, BOP Unit : Manager, FCI Elkton; J. NUSSER, : BOP Case Manager, FCI Elkton; : E. M. WILKES, III, Judge, Superior : Courts; L. JAMSKY, Clerk, Glynn : Superior Court; UNITED COMMUNITY : BANK; JAMES SPRAGUE; : Mr. BUTTERFIELD, and UNKNOWN : CO-CONSPIRATORS, : | |
|     Defendants. : | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Federal Medical Center Devens in Ayer, Massachusetts, has filed an action pursuant to, *inter alia*, 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971). A prisoner proceeding in a civil action against officers or

employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

In his Complaint, which consists of 165 pages, Plaintiff alleges that Defendants conspired against him to: take away his parental rights, have his probation revoked, leave him in financial ruins, and "set-back" his release date. Plaintiff asserts that Defendants' actions violated his rights under the 4th, 5th, 7th, 8th, 9th, and 14th Amendments of the Constitution. Plaintiff names as Defendants his ex-wife, several of her friends, local attorneys, a judge, United States Probation officers, local police officers, Bureau of Prisons' employees, a local bank, and several local businessmen. Plaintiff also alleges that Defendants have inflicted emotional distress upon him. Plaintiff seeks to recover no less than $50 million dollars in damages from these Defendants.

A plaintiff states a cognizable claim for relief under Bivens if his complaint alleges facts showing that his rights, as secured by the Constitution and the laws of the United States, were violated. In order to sustain a Bivens action, the plaintiff first must demonstrate that his constitutional rights have been violated. Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). Plaintiff has failed to show that Defendants violated his constitutional rights.

In addition, "[t]o establish a prima facie case of a conspiracy, a plaintiff must show, among other things, that defendants '"reached an understanding to violate [his] rights."' See Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002) (quoting Strength v. Hubert, 854 F.2d 421, 425 (11th Cir.1988)). A "plaintiff does not have to produce a 'smoking gun' to establish the 'understanding' or 'willful participation' required to show a conspiracy, but must show some evidence of agreement between the defendants. Id. at 1283-84 (quoting Bendiburg v. Dempsey, 909 F.2d 463, 469 (11th

3

Cir.1990)). Plaintiff has failed to show any evidence that Defendants reached an agreement to violate his constitutional rights.

Moreover, Plaintiff's Complaint appears to be wholly frivolous. This Court has a duty to dismiss all such complaints. See 28 U.S.C. § 1915A(b)(1).

### CONCLUSION

Plaintiff's frivolous Complaint, when read in a light most favorable to him, fails to state a claim for relief under Bivens and 28 U.S.C. § 1915. Accordingly, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b).

So **REPORTED** and **RECOMMENDED**, this 16th day of March, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)